J-S07040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD GARDNER, | |
| Appellant | No. 817 MDA 2015 |

Appeal from the PCRA Order April 14, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):   CP-36-CR-2315-2012
CP-36-CR-2319-2012
CP-36-CR-2323-2012

BEFORE:  BOWES, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED FEBRUARY 11, 2016**

Appellant, Edward Gardner, appeals *pro se* from the order of the Lancaster County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] ("PCRA") petition as untimely.  Appellant contends his July 30, 2013 sentence for possession with intent to deliver a controlled substance[2] is illegal under ***Alleyne v. United States***, 133 S. Ct. 2151 (2013).  We affirm.

The following procedural history is relevant to this appeal.  On July 30, 2013, Appellant entered into a negotiated plea agreement.  N.T. Sentencing

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

Hr'g, 7/30/13, at 2. He was charged on three informations with three violations of the Controlled Substance Act, specifically delivery of cocaine. *Id.* at 3. He was sentenced to five to ten years' imprisonment on each count to run concurrently.[3] *Id.* at 2-3. He did not take a direct appeal.

On October 14, 2014, Appellant filed a *pro se* PCRA petition. On October 15, 2014, counsel was appointed to represent Appellant. On November 21, 2014, counsel filed a motion to withdraw. On December 5, 2014, the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss the petition, providing Appellant with twenty days to file a response. Appellant did not file a response and on January 2, 2015, the court dismissed the PCRA petition. Appellant did not file a direct appeal.

On March 27, 2015, *pro se* Appellant filed his second PCRA petition. The PCRA court dismissed the petition as untimely on April 14, 2015. This timely appeal followed. Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal[4] and the PCRA court filed a responsive opinion.

---

[3] The sentence included the application of the mandatory minimum sentence for delivery based upon the weight of the cocaine. *See* 18 Pa.C.S. § 7508.

[4] Appellant raised the following issues in his Rule 1925(b) statement, reproduced verbatim:

> 1. Did the trial court err and abused its discretion, when Petitioner suffers from mental incompetence which satisfies the time-bar requirements of 42 Pa.C.S.A. § 9545(b)(1)(ii)?

J-S07040-16

Appellant raises the following issues, reproduced verbatim, for our review:

> 1.(a) Being that the Pennsylvania Constitution Article 1 Section § 11 states one has a right to be heard did the Trial Court err in waiving Appellant's PCRA without a hearing?
>
> (b) Being that a trial court never relinquish their jurisdiction to correct an illegal sentence, did the trial court err in not correcting [A]ppellant's now illegal unconstitutional mandatory minimum sentence?

Appellant's Brief at 6.[5]

---

> 2. Did the trial court err and abused its discretion by denying Petitioner's PCRA, because **Alleyne** is a retroactive case and applies to Petitioner as a substantive rule?

Appellant's 1925(b) Concise Statement of Matters complained of, 5/7/15, at 1-2. Appellant did not raise issue number one in his brief and therefore it is abandoned on appeal. **See Commonwealth v. Dunphy**, 20 A.3d 1215, 1218 n.2 (Pa. Super. 2011) (holding claims raised in Rule 1925(b) statement but not identified in statement of questions presented or developed in argument section of brief abandoned on appeal).

[5] We note Appellant "contends that Trial Courts never relinquish their jurisdiction to correct an illegal sentence." Appellant's Brief at 9. However, Appellant contradicts this averment in his brief and states "[a] challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing Court has jurisdiction." **Id.** at 14-15. Appellant acknowledges that "Pennsylvania law makes clear that when 'a PCRA petition is untimely, neither this Court nor the trial Court has jurisdiction over the petition.' **Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014)." **Id.** at 18. Appellant again cites **Sesky** for that proposition. **Id.** at 19. He states that "[a] challenge to the legality of a sentence may be entertained as long as the reviewing Court has jurisdiction." **Id.** at 20.

- 3 -

When analyzing the dismissal of a PCRA petition, "an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009).

As a prefatory matter, we consider whether the instant PCRA petition is timely. The timeliness of a PCRA petition is a threshold question that implicates the jurisdiction of a court to consider the merits of the relief requested. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014). Although a legality of sentence claim cannot be "waived," the claim must be presented in a **timely** PCRA petition to obtain post-conviction collateral relief. *Seskey*, 86 A.3d at 241. "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Id.*

> We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of [an a]ppellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

> Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

*Commonwealth v. Marshall*, 947 A.2d 714, 719-20 (Pa. 2008) (some citations omitted).

"[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at [42 Pa.C.S. § 9545] are met." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014). Our Supreme Court has stated:

> This Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. In addition, we have noted that the PCRA confers no authority upon this Court to fashion *ad hoc* equitable

- 5 -

exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act. We have also recognized that the PCRA's time restriction is constitutionally valid.

*Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations and quotation marks omitted).

Finally, we note:

A PCRA hearing is not a matter of right, and the PCRA court may decline to hold a hearing if there is no genuine issue concerning any material fact and the defendant is not entitled to relief as a matter of law.

*Commonwealth v. Morrison*, 878 A.2d 102, 109 (Pa. Super. 2005) (*en banc*).

Appellant was sentenced on July 30, 2013. He did not take a direct appeal, and thus his judgment of sentence became final thirty days thereafter, on August 29, 2013. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant then generally had one year to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (providing PCRA petition must be filed within one year of date judgment becomes final). Because Appellant filed his PCRA petition on March 27, 2015, it is petition is patently untimely.

Therefore, we review whether his petition alleges and proves a timeliness exception. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii); *Marshall*, 947 A.2d at 719-20; *Lawson*, 90 A.3d at 5. Appellant avers his sentence is unconstitutional based upon *Alleyne*. Appellant's Brief at 11. He claims that "the 'new rule' of law established by *Alleyne* directly applies to [his]

claim of an illegal sentence . . . ." ***Id.*** ***Alleyne*** was decided on June 17, 2013. The instant PCRA petition was filed on March 27, 2015. Appellant failed to meet the timeliness requirement of 42 Pa.C.S. § 9545(b)(2).

Appellant did not plead and prove any exception to the PCRA's timeliness requirement. ***See Marshall***, 947 A.2d at 719-20; ***Lawson***, 90 A.3d at 5. The PCRA court did not err in dismissing his PCRA petition as untimely. ***See Pitts***, 981 A.2d at 878; ***Marshall***, 947 A.2d at 719-20. Thus, the court lacked jurisdiction to consider the legality of Appellant's sentence. ***See Davis***, 86 A.3d at 887; ***Seskey***, 86 A.3d at 241.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2016